## OLKIN v. DADE COUNTY, FLORIDA
Case No. 83-364-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

April 18, 1985

### APPEARANCES OF COUNSEL

**Neale J. Poller** and **Jeffrey P. Shapiro** for appellant.

**Robert L. Krawcheck,** Assistant County Attorney, for appellee.

Before KAYE, NADLER, SIMONS, JJ.

### OPINION OF THE COURT

This is an appeal from an adverse ruling by the County Commission affirming a resolution by the Metropolitan Dade County Zoning Appeals Board, denying appellant's application for an unusual use to permit a parabolic antenna being installed in his back yard.

Appellant erected a parabolic antenna in his back yard under the impression that Article IV, Section 33-63 of the Dade County Code was applicable. Section 33-63, without making specific reference to parabolic receiving antennas, does not require a permit for antennas under thirty-five (35) feet in height. Appellant was cited for a violation of the Zoning Code Section 33-63 and filed an "Application for Relief" with the Building and Zoning Department hereafter referred to as (Department).

Appellee's position is that parabolic antennas are not unusual uses and are subject to Section 33-13 of the Dade County Code. Section 33-13 requires a public hearing. If however, appellant can obtain waivers of objections from adjoining and/or abutting property owners, appellee will treat parabolic antennas as *accessory* uses which do not require a public hearing.

Appellee relies upon an administrative order dated April 9, 1981 of the Metropolitan Dade County Building and Zoning Department as its authority to treat these antennas as *accessory* uses if waivers are obtained.

Appellant filed an application for an *unusual* use before the Metropolitan Dade County Appeals Board (Board) while, however, relying on the position that the antenna was an accessory use.

Reports were prepared by the Building and Zoning and the Planning Departments which recommended that the "Board" and the Board of County Commissioners (Commission) approve appellant's application as an unusual use.

The "Board" held a hearing on June 29, 1983 and at the hearing appellant's neighbors to the east filed a written waiver of objection. The rear property owner neighbors raised an objection, but only as to the location near his property line, and requested the antenna be moved further back from his line. Another neighbor, who owns the property diagonally across from appellant, filed a written objection citing the lowering of property values.

Testimony was heard regarding the impossibility of moving the antenna without interfering with the reception; steps taken to comply with esthetic standards; and violation of appellant's constitutional rights.

At the conclusion of the hearing, appellant's application was denied and, thereafter, appellant filed a Petition of Appeal of the decision of the "Board" to the Board of County Commissioners.

The "Commission" held a hearing on the matter on October 20, 1983 at which time the commission received an additional written waiver of objection from another neighbor, thereby making three neighbors opposed and three who waived objection.

At the Commission hearing both the Department of Building and Zoning and the Planning Department recommended reversal of the "Boards" decision and acceptance of the parabolic antenna as an acceptable accessary use.

The Commission heard testimony regarding the esthetic problem

involved; and the fact that the antenna constituted a nuisance because of light reflection and noise.

It should be noted that at the public hearing before the Commission, the objecting neighbors stated they were not seeking to deprive the appellant of the use of his antenna provided he would relocate it in order to reduce the nuisance affect on their property. In fact, both the "Board" and the "Commission" offered appellant the use he sought, provided, he would relocate the antenna to avoid the alleged nuisances. The appellant refused.

Thereafter the "Commission" unanimously adopted Resolution Z-201-83 sustaining the decision of the "Board" and denied without prejudice appellant's request for an "unusual" use permit to install a parabolic antenna on his property.

Appellant seeks Administrtive Appeal from the decision of the "Commission" and Resolution Z-201-83.

Appellant raises several points on appeal. Points I, II, and III, IV and V relate to constitutional issues and need not be treated here as they are without merit in this cause. Suffice it to say that Federal Regulations do not, in this case, pre-empt local zoning ordinances. Appellant's First Amendment Rights were not "infringed upon" by action of the "Commission", nor was he denied equal protection of the laws.

Confusion arises over the application of Section 33-13 or Section 33-63 of the Dade County Code.

A careful reading of Section 33-13 "Unusual Uses" reveals that the ordinance does not specify "parabolic receiving antennas" and deals only with "tower" (radio and tv) and "transmitting stations". These are classified as unusual uses and are not permitted unless approved at a public hearing.

Section 33-63 deals with antennas for amateur radio stations and discusses regulations for poles, masts and towers for supporting antennas used in the operation of amateur radio stations licensed by the Federal Communications Commission. Under Section 33-63(h) an antenna that exceeds thirty-five (35) feet in height is not permitted unless waivers are obtained from objecting adjacent property owners.

Clearly the parabolic antenna in question is not covered by either ordinance.

The Administrative Order of April 9, 1981 provides, in part, that parabolic antennas will be treated as an "accessary" use without the necessity of a public hearing, and shall comply with all set back

requirements and waivers of objections from owners of all lots adjacent to and abutting the subject property. Parabolic antennas not in compliance with these regulations will be permitted only after the necessary variances are obtained. In order to obtain a variance, if objections are raised, a public hearing is required.

In any event, appellant chose to apply for an unusual use permit and, pursuant to the chain of events that followed, the Board of County Commissioners conducted a public hearing on that issue, treating the matter as an issue involving a public nuisance under the authority of Section 33-311 and Section 33-315 of the Dade County Code.

Since appellant's neighbors did in fact raise objections to the appellant's use of the parabolic antenna, appellant cannot claim its use is accessary under Section 33-13 or the Administrative Order April 9, 1981, and therefore seek a permit without a public hearing.

Once a public hearing was available to appellant, the next issue is the propriety of the Commission treating the matter as a nuisance issue.

The Board of County Commissioners acting under the zoning regulations had the responsibility of determining whether granting of the special exception would adversely affect the public interest. *B.S. Enterprises, Inc. v. Dade County*, 342 So.2d 117 (3rd DCA 1977).

Having decided that the County Commission properly considered the issue and finding no abuse of their authority, we find no error in their decision to deny appellant permission to install a parabolic antenna on his property. As noted earlier, appellant was given every opportunity to maintain the antenna in his back yard if only he would move it several feet away to dispel the objections of his neighbors concerning the noise, reflection, glare and visability of the antenna over the fence or shrubbery. Failing to agree, we see no grounds for his dissatisfaction with the action of the Commission in passing Resolution Z-201-83.

Affirmed.